

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-657

**Opinion Delivered** February 3, 2016

DAVID ADAM JOHNSON
                    APPELLANT

V.

STATE OF ARKANSAS
                    APPELLEE

APPEAL FROM THE INDEPENDENCE
COUNTY CIRCUIT COURT
 [NO. CR-2013-252]

HONORABLE JOHN DAN KEMP,
JUDGE

AFFIRMED

## LARRY D. VAUGHT, Judge

David Adam Johnson appeals his conviction by an Independence County jury of two counts of sexual indecency with a child, a Class D felony. His sole point on appeal is that the trial court erred in denying his motion to suppress statements he made to police during a custodial interview.[1] He argues that the statements were not voluntary. We disagree and affirm.

Testimony at the suppression hearing revealed that Independence County Investigator Shane Meyer contacted Johnson by phone and asked him to come to the sheriff's office for an interview, which he did. Johnson was introduced to another investigator, Ms. Kalika Rogers, who observed the entire interview. He was read his *Miranda* rights, he read them, he indicated that he understood those rights, and he waived them.

---

[1] Johnson was accused of soliciting sex from his wife's twelve-year-old niece. Because he has not challenged the sufficiency of the evidence supporting his conviction, a detailed recitation of the facts is unnecessary.

SLIP OPINION

Johnson admitted early in the interview that he knew he was there to discuss allegations against him related to inappropriate sexual conduct with his wife's twelve-year-old niece. He initially denied having solicited sex from her but ultimately admitted that he approached her three times on the same evening and offered to perform oral sex on her.

Meyer told Johnson that the interview was part of a criminal investigation. He stated that he would turn Johnson's statement over to the prosecutor. Johnson never indicated that he wanted to end the interview or invoke his rights. Meyer testified that Johnson did not appear to be confused or upset. Meyer testified that he did not coerce Johnson but that he did use tactics that involved accusing him of lying and appealing to his sense of honor and integrity as a member of the military. At the end of the interview, Meyer asked Johnson to write a statement, which he did on his own without help or input from either investigator.

Rogers also testified that Johnson had been read his rights, appeared to understand them, and waived them without coercion. Both investigators testified that Johnson never indicated that he had physical or mental impairments.

Johnson testified that he suffered from post-traumatic-stress disorder. He admitted that he never asked for an attorney or asked to end the interview but stated that he felt threatened by Meyer. He said he was afraid that Meyer would assault him if he did not tell Meyer what he wanted to hear. Johnson stated that he spent twenty minutes after the interview praying for forgiveness because he had lied in his confession but that he then wrote a statement again admitting the allegations.

After listening to the audio recording of the interview, the trial court denied Johnson's motion to suppress, finding that Johnson had knowingly waived his *Miranda* rights

of his own free will and had voluntarily participated in the interview. At trial, Johnson again objected to the admission of his oral and written statements. His objection was overruled, and the statements were admitted into evidence. Johnson was convicted and filed a timely notice of appeal.

In *Grillot v. State*, the Arkansas Supreme Court clarified the standard of review to be applied to our review of the denial of a defendant's motion to suppress a custodial confession: "[T]he voluntariness of custodial statements is tested by viewing the totality of the circumstances." 353 Ark. 294, 309, 107 S.W.3d 136, 144 (2003) (citing *Frazier v. Cupp*, 394 U.S. 731 (1969)); *see also Miller v. Fenton*, 474 U.S. 104 (1985)). Likewise, in reviewing a trial court's refusal to suppress a confession, we make an independent determination based on the totality of the circumstances. *Id.* (citing *Cox v. State*, 345 Ark. 391, 47 S.W.3d 244 (2001); *Riggs v. State*, 339 Ark. 111, 3 S.W.3d 305 (1999)). The ruling will be reversed only if it is clearly against the preponderance of the evidence. *Giles v. State*, 261 Ark. 413, 549 S.W.2d 479 (1977). Any conflict in the testimony of different witnesses is for the trial court to resolve. *Cox*, 345 Ark. at 400, 47 S.W.3d at 250.

A statement made while in custody is presumptively involuntary, and the burden is on the State to prove by a preponderance of the evidence that a custodial statement was given voluntarily and was knowingly and intelligently made. *Jones v. State*, 344 Ark. 682, 687, 42 S.W.3d 536, 540 (2001). In order to determine whether a waiver of *Miranda* rights is voluntary, this court looks to see if the confession was the product of free and deliberate choice rather than intimidation, coercion, or deception. *Id.*, 42 S.W.3d at 540.

Johnson argues that his statements were involuntary because Meyer intimidated and coerced him. We disagree. He was advised of his *Miranda* rights, indicated that he understood them, provided no indication that he was confused or impaired, and waived those rights of his own free will. He admitted that the transcript of the interview was an accurate depiction of what had happened, and the transcript revealed no coercion. Both Meyer and Rogers testified that Meyer had not unduly coerced Johnson into making the statements. Meyer's tactic of appealing to Johnson's sense of integrity and honor as a member of the military was not coercive; neither were his accusations that Johnson was lying when Johnson denied the allegations. Both officers testified that Johnson provided no indication that he had any mental or psychological impairments, and he appeared to be competent. Johnson stated during the interview that he was aware of the purpose of the interview. He was even advised that Meyer was going to the prosecutor with Johnson's statements. Johnson gave an oral statement confessing to having solicited sex from a minor and then provided a matching written confession, which he wrote himself while alone in the interrogation room. In this case, the totality of the circumstances indicates that Johnson freely and voluntarily waived his *Miranda* rights and gave both oral and written statements confessing to solicitation. We find no error and affirm.

Affirmed.

HARRISON and HIXSON, JJ., agree.

*Jeremy B. Lowery*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.

SLIP OPINION